<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CHARLES SCHWESTER,<br><br>     Plaintiff,<br><br> v.<br><br>BOROUGH OF FAR HILLS, *et al.*,<br><br>     Defendants. | Civil Action No. 25-00007 (GC) (JTQ)<br><br><u>**MEMORANDUM OPINION**</u> |

<u>**CASTNER, District Judge**</u>

  **THIS MATTER** comes before the Court upon Defendants Borough of Far Hills, Kevin Welsh, Sheila Tweedie, Mary Chimenti, Michael DeCarolis and Dorothy Hicks's Motion to Dismiss Plaintiff Charles Schwester's Amended Complaint (ECF No. 11) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6).  (ECF No. 13.)  Plaintiff opposed the Motion, and Defendants did not reply.  (ECF No. 14.)  The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Defendants' Motion is **GRANTED**.

**I.**   <u>**BACKGROUND**</u>

  The Court assumes the parties' familiarity with the facts as set forth in this Court's prior Opinion dismissing Plaintiff's Complaint.[1]  *See Schwester v. Borough of Far Hills*, Civ. No. 25-7, 2025 WL 1911581, at *1-4 (D.N.J. July 11, 2025).

---

[1]  On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

On January 2, 2025, Plaintiff filed a Complaint against Defendants asserting various federal and state constitutional violations.  (ECF No. 1.)  Defendants filed a motion to dismiss, which the Court granted on July 11, 2025.[2]  (ECF No. 3; ECF No. 6; ECF No. 7.)  *See generally Schwester*, 2025 WL 1911581.  The Court dismissed all claims against the Borough of Far Hills for failure to allege a *Monell* claim under a failure-to-train theory.  *Schwester*, 2025 WL 1911581, at *5-6.[3]  The Court dismissed Plaintiff's First Amendment retaliation claim because Plaintiff did not adequately plead that he was "arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been" arrested, known as the *Nieves* exception.  *Id.* at *8-9 (applying the Supreme Court's ruling in *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019)).  The Court also dismissed Plaintiff's false arrest and malicious prosecution claims as pled against Chief of Police Michael DeCarolis because Plaintiff did not dispute Defendants' argument that, as determined by the judge in the municipal court proceedings, probable cause existed to arrest Plaintiff.  *Id.* at *10.  Finally, the Court found that DeCarolis was entitled to qualified immunity as to Plaintiff's substantive due process claims.  *Id.* at *11-12.  The Court gave Plaintiff thirty days to file an amended complaint.  (ECF No. 7 at 2.)

On August 17, 2025, Plaintiff filed an Amended Complaint asserting eight separate causes of action.[4]  (ECF No. 11.)  The only new fact asserted in Plaintiff's Amended Complaint is that he

---

[2]      Defendants challenged the Complaint in its entirety as to the Borough of Far Hills, all counts asserted against Michael DeCarolis, and Counts 3 and 4 as to Kevin Welsh, Sheila Tweedie and Mary Chimenti.  *See Schwester v. Borough of Far Hills*, Civ. No. 25-7, 2025 WL 1911581, at *4 (D.N.J. July 11, 2025).  Defendants did not challenge any claims as to Dorothy Hicks.  *Id.*

[3]      Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[4]      Plaintiff first filed an Amended Complaint on August 1, 2025.  (ECF No. 8.)  The Court ordered Plaintiff to refile it in compliance with the Local Civil Rules.  (ECF No. 9.)  Plaintiff then filed Amended Complaints on August 17, 2025, and August 19, 2025.  (ECF Nos. 10, 11.)  The

filed a notice with the Borough of Far Hills pursuant to the New Jersey Tort Claims Act (NJTCA) on January 2, 2025. (*Compare* ECF No. 11, *with* ECF No. 1.) Plaintiff also alleges two new common law claims for conspiracy and intentional infliction of emotional distress (Counts 6 and 8, respectively). Defendants move to dismiss those claims, as well as Plaintiff's re-pled claims of malicious prosecution under the federal and state constitutions (Counts 5 and 7, respectively). (ECF No. 13-2 at 12-26.)

## II.   LEGAL STANDARD

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. &*

---

Court considers the Amended Complaint filed on August 19th (ECF No. 11) as the operative pleading.

*Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

In deciding a Rule 12(b)(6) motion, the court can only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). A court may also consider any document "integral to or explicitly relied upon in the complaint" when ruling on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## III.   DISCUSSION

### A.   Malicious Prosecution (Counts 5 and 7)

Plaintiff's Amended Complaint asserts a malicious prosecution claim against Welsh, Chimenti and Tweedie under both 42 U.S.C. § 1983 and New Jersey law. (ECF No. 11 at 22-26.) Defendants argue that the Court should dismiss these counts because the municipal court found probable cause existed for Plaintiff's arrest. (ECF No. 13-2 at 13-15.) Plaintiff does not offer any argument in response and agrees to "voluntarily dismiss Counts 5 and 7 of his Amended Complaint." (ECF No. 14 at 8.) As such, Counts 5 and 7 of the Amended Complaint are dismissed.

### B.   Civil Conspiracy (Count 6)

Plaintiff's Amended Complaint alleges a new claim for civil conspiracy against all Defendants. As a threshold issue, the Court considers whether the NJTCA governs this claim.[5]

---

[5]   It is appropriate for the Court to raise this issue *sua sponte*. *See Lepping v. Cnty. of Mercer*, Civ. No. 18-2118, 2018 WL 5263281, at *10 (D.N.J. Oct. 23, 2018) ("[T]he [c]omplaint contains no allegations that [the p]laintiff filed the required notice before bringing suit. Although [the d]efendants do not raise this argument, the notice requirement under the Tort Claims Act is 'a jurisdictional precondition' to filing a tort claim against public employees that the [c]ourt can address *sua sponte*.") (quoting *Ptaszynski v. Uwaneme*, 853 A.2d 288, 294-95 (N.J. Super. Ct. App. Div. 2004)); *Michaels v. State of N.J.*, 955 F. Supp. 315, 331 (D.N.J. 1996) (dismissing tort claims against non-moving defendants *sua sponte* for failure to comply with NJTCA notice

*See* N.J. Stat. Ann. 59:1-1 *et seq.* The NJTCA prohibits claims against "a public entity or public employee" unless a plaintiff first provides notice of the claim to the public entity "within 90 days of accrual of the claim."[6] *See* N.J. Stat. Ann. 59:8-3, 8-7, 8-8. While notice is not required for claims brought pursuant to the New Jersey Civil Rights Act (NJCRA), the Third Circuit has held that the NJTCA's notice requirement applies to civil conspiracy claims brought under New Jersey common law that are predicated on federal and state constitutional violations. *See Cnty. Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 174-75 (3d Cir. 2006); *see also Merritt v. Kelly*, No. A-0754-21, 2023 WL 7220142, at *12 (N.J. Super. Ct. App. Div. Nov. 2, 2023) (finding that the NJTCA "does not apply to a properly pled civil conspiracy claim brought under the NJCRA").

Here, Plaintiff asserts that Defendants conspired to violate Plaintiff's federal and state constitutional rights but does not allege that his claim is brought pursuant to the NJCRA. (ECF No. 11 at 24-25.) Further, Plaintiff's brief discusses the common law elements of a civil conspiracy without reference to the NJCRA. (*See* ECF No. 14 at 8-9 ("In New Jersey, a civil conspiracy has been defined as 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results

---

provisions); *cf. Myers v. Medford Lakes Bd. of Educ.*, 489 A.2d 1240, 1241-42 (N.J. Super. Ct. App. Div. 1985) (affirming judgment for the defendant on separate grounds but finding that the plaintiff's complaint "would have been subject to dismissal for failure to comply with the notice of claim requirements" of the NJTCA, despite the defendant not pleading the issue before the trial court nor briefing it on appeal).

6      The statute provides for an exception to this rule. "Section 59:8-9 allows a court to extend the notice period up to one year if the public entity or employee would not be 'substantially prejudiced' by the delay and the claimant shows 'extraordinary circumstances for his failure to file notice' within the proper time period." *Rolax v. Whitman*, 53 F. App'x 635, 638 (3d Cir. 2002) (quoting N.J. Stat. Ann. 59:8-9). Despite Plaintiff's new allegation that he filed a Tort Claims Act notice on January 2, 2025, Plaintiff does not allege that any court granted him an extension to file the notice late.

in damage.'" (internal quotations omitted) (citation omitted)).)  Therefore, the Court construes Plaintiff's claim as alleging a civil conspiracy under common law and that the NJTCA notice requirement applies.  *See Childress v. City of Orange Twp.*, Civ. No. 14-4354, 2018 WL 1378722, at *12 (D.N.J. Mar. 19, 2018) (applying state civil conspiracy law to plaintiff's claim of "civil conspiracy . . . to deprive [the p]laintiff of his constitutional rights" where the plaintiff's complaint did not specify whether the claim was brought pursuant to state or federal law and did not contest the defendants' assertion that New Jersey law applied).

Plaintiff pleads that notice was served on the Borough of Far Hills on January 2, 2025. (ECF No. 11 ¶ 98.)  However, the alleged conspiracy occurred in 2023, when Plaintiff was arrested at the Council meeting on February 13, 2023, and when Defendant Hicks rejected Plaintiff's nominating petition in March 2023.  (*Id.* at 7-9.)  Therefore, Plaintiff's notice was filed well beyond the 90 days from when his claim accrued.  (ECF No. 11 at 15.)  *See also Beauchamp v. Amedio*, 751 A.2d 1047, 1053 (N.J. 2000) (discussing filing requirement).  Because notice is a "jurisdictional precondition to filing suit" under the NJTCA which Plaintiff has not met, the Court must dismiss this claim.  *Ptaszynski v. Uwaneme*, 853 A.2d 288, 294 (N.J. Super. Ct. App. Div. 2004) (quoting *Bonitsis v. N.J. Inst. of Tech.*, 833 A.2d 679, 685 (N.J. Super. Ct. App. Div. 2003)); *see also Freeman v. Schaffer*, Civ. No. 18-11566, 2019 WL 2367083, at *8 (D.N.J. June 5, 2019) (dismissing claim of civil conspiracy to violate the plaintiff's constitutional rights where the plaintiff did not comply the NJTCA notice requirements).[7]

---

[7]    The Court dismisses Count 6 without prejudice to the extent Plaintiff sought to bring this claim pursuant to the New Jersey Civil Rights Act.

6

### C.    Intentional Infliction of Emotional Distress (Count 8)

Plaintiff's Amended Complaint also alleges a claim for intentional infliction of emotional distress against all Defendants.  (ECF No. 11 at 27-28.)   However, "[i]ntentional infliction of emotional distress is a common law tort subject to the NJTCA."  *Fanor v. Univ. Hosp. - UMDNJ*, Civ. No. 16-320, 2016 WL 4728104, at \*4 (D.N.J. Sept. 9, 2016) (citing *Pena v. Div. of Child & Family Servs.*, No. 08-1168, 2010 WL 3982321, at \*6 (D.N.J. Oct. 8, 2010)).  As such, Plaintiff's failure to timely file notice of his claim requires dismissal of this claim for the same reasons already discussed.  Therefore, Count 8 is dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED**.  An appropriate Order follows.

Dated: March 23, 2026

_____

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

7